# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

PHILIP IRELAND, TRUSTEE FOR      §
THE IRELAND REVOCABLE LIVING     §
TRUST,      §
     §
   *Plaintiff,*      §      **No.  6:25-CV-00337-LS**
     §
**v.**      §
     §
PRESTIGE MOTORCAR IMPORTS,     §
LLC,      §
     §
   *Defendant.*      §

## <u>ORDER DISMISSING CASE</u>

In *pro se* plaintiff Philip Ireland's latest frivolous lawsuit,[1] he sent a worthless $248,301.00 check to Florida defendant Prestige Motorcar Imports for a Lamborghini and now sues Prestige for failing to give him the Lamborghini for free.

The Court has already dismissed this case once for Mr. Ireland's failure to sufficiently plead subject matter and personal jurisdiction over Prestige, a Florida LLC.[2] He amended his complaint to allege that Defendant purposefully availed itself of the privileges of conducting activities in Texas by communicating and forming a contract with a Texas plaintiff.[3] But "the combination of mailing payments to the forum state, engaging in communications related to the

---

[1] *See Ireland v. Ward*, No. 6:23-cv-00828 (W.D. Tex. Jan. 3, 2024) (dismissing a case against a sitting judge as frivolous and denying a motion to recuse the presiding magistrate judge); *Ireland v. Simmons*, No. 6:24-cv-576 (W.D. Tex. Dec. 13, 2024) (remanding another case against a sitting judge, following another motion for recusal of the district and magistrate judges, because a plaintiff cannot remove his own case to federal court); *Ireland v. Capital One Auto Fin.*, No. 6:25-cv-00277 (W.D. Tex. Jan. 16, 2026) (dismissing case for failure to state a claim, appeal dismissed for failure to pay appeal fee); *Ireland v. Simmons*, 6:25-cv-00162 (W.D. Tex. Jan. 8, 2026) (dismissing case for failure to properly serve).

[2] ECF No. 25. The Court also "order[ed] Plaintiff to retain counsel to represent the Trust no later than December 15, 2025," ECF No. 20 at 1, which Mr. Ireland did not do.

[3] ECF No. 28 at 2–3.

execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient" contacts to establish personal jurisdiction.[4] That Mr. Ireland was in Texas when he sent the worthless check and communicated with Prestige is of no moment. "A plaintiff's unilateral activities in [the forum state] do not constitute minimum contacts where the defendant did not perform any of its obligations in [the forum state], the contract did not require performance in [the forum state], and the contract is centered outside of [the forum state]."[5] There remains no personal jurisdiction over Prestige.

This action is **DISMISSED** for want of personal jurisdiction.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 10, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004).
[5] *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007).